United States District Court
for the
Southern District of Florida

| Diamond Miami Corporation and | ) | |
|---|---|---|
| Zeenish Hamirani, Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-24411-Civ-Scola |
| | ) | |
| United States Citizenship and | ) | |
| Immigration Services, and others, | ) | |
| Defendants | ) | |

**Order on Cross-Motions for Summary Judgment**

This matter is before the Court on the parties' cross-motions for summary judgment. (ECF Nos. 22, 23). The parties have each filed responses (ECF Nos. 23, 27) and replies (ECF Nos. 27, 31). Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **grants in part and denies in part** the Defendants' motion (**ECF No. 23**) and **grants in part and denies in part** the Plaintiffs' motion (**ECF No. 22**.)

I.  **Background**

On November 1, 2016, the United States Department of Labor sent correspondence to Plaintiff Diamond Miami Corporation ("Diamond") that the Application for Permanent Employment Certification (ETA Form 9089) was certified. (ECF No. 21 at ¶ 1.) This certification is required to file an I-140 petition. On November 14, 2016, Diamond filed an Immigrant Petition for Alien Worker (Form I-140) with the United States Citizenship and Immigration Services ("USCIS") seeking to classify Defendant Hamirani as an alien worker for the job of "Operations Manager." The position of Operations Manager required 36 months of experience as a beauty salon manager. (ECF No. 22 at 11.) In support of the petition, Diamond submitted a letter from the owner of Shama's Beauty Salon verifying that Hamirani had more than 36 months experience as a beauty salon manager.

On September 19, 2017, USCIS sent Diamond a Notice of Intent to Deny ("NOID") informing Diamond that it intended to deny the petition filed on behalf of Hamirani because (1) Diamond did not disclose a familial relationship between Hamirani and the president and 100% shareholder of Diamond and (2) Hamirani provided contradictory information about her previous employment in a prior statement to the State Department when applying for a student visa. (Administrative Record, ECF No. 20-1 at 33-36.)

On October 20, 2017, Diamond's counsel sent a letter and additional documentation in response to the NOID. (*Id.* at 38-46.) The additional documentation included five letters from Hamirani's previous clients to help bolster her experience working as a salon manager. (*Id.*) On November 17, 2017, USCIS denied Diamond's I-140 petition on behalf of Ms. Hamirani. The denial letter stated that (1) Diamond failed to disclose a familial relationship between the president of the company and Hamirani, thereby failing to show that the position of "Operations Manager" was bona fide and available to other U.S. workers and (2) Diamond Miami failed to establish that Hamirani met the minimum requirements for the "Operations Manager" position based on inconsistencies in found in a prior visa application. (*Id.* at 48-51.) USCIS also made a finding of fraud or willful misrepresentation based on the same inconsistencies in a prior visa application. (*Id.* at 51.)

## II. Legal Standards

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). Here, as the parties agree, the material facts are not in dispute and the Court's review is limited to the administrative record before the agency. Thus, this case is suited for summary disposition under Rule 56. *See Mahon v. U.S. Dep't of Agric.*, 485 F.3d 1247, 1253 (11th Cir. 2007) ("Summary Judgment is particularly appropriate in cases in which a district court is asked to review a decision rendered by a federal administrative agency."); *Fla Fruit & Veg. Ass'n v. Brock*, 771 F.2d 1455, 1459 (11th Cir. 1985) ("The summary judgment procedure is particularly appropriate in cases in which the court is asked to review . . . a decision of a federal administrative agency," especially where "the court considers the record that was before the agency"); *see also Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) ("summary judgment is an appropriate mechanism" for the district court "to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did").

### B. APA Standard Of Review

When reviewing agency action under the APA, the district court must determine whether the agency's decision was arbitrary, capricious, or an abuse of discretion. *See Mathews v. USCIS*, 458 F. App'x 831, 833 (11th Cir. 2012). This standard "provides the reviewing court with very limited discretion to

reverse an agency decision, and is exceedingly deferential," especially "in the field of immigration." *See id.* (citations omitted). The relevant inquiry is "whether an agency's decision was based on consideration of the relevant factors and whether there has been a clear error of judgment." *See Mahon*, 485 F.3d at 1253 (citation omitted).

Review is limited to the material before the agency – that is, the administrative record. *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). "[A] court does not consider any evidence that was not in the record before the agency at the time that it made the decision or promulgated the regulation," *see United States v. Guthrie*, 50 F.3d 936, 944 (11th Cir. 1995), because "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *see Fla Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). In making its decision, "[t]he agency is not required to discuss every piece of evidence, so long as it gives reasoned consideration to the evidence submitted." *Xunbing Liu v. U.S. Attorney Gen.*, 440 F. App'x 718, 719 (11th Cir. 2011).

The Eleventh Circuit has held that "an agency fails to give reasoned consideration to the record evidence when it misstates the contents of the record, fails to adequately explain any illogical conclusions, or provides justifications for its decision which are unreasonable or do not respond to any arguments in the record." *See id.* "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Lorion*, 470 U.S. at 744.

To prevail on summary judgment, where the agency denies the visa petition on multiple grounds, it need only show that one of the grounds was sufficient to deny the petition. *See Z-Noorani, Inc. v. Richardson*, 950 F. Supp. 2d 1330, 1337 (N.D. Ga. 2013) (citations omitted). For the plaintiff to succeed, he "must establish that each of these bases was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Id.*

## III. Analysis

USCIS denied Diamond's I-140 immigrant visa petition on behalf of Zeenish Hamirani and invalidated Hamirani's ETA Form 9089 Application because (1) Diamond failed to disclose a familial relationship between the president of the company and Hamirani, thereby failing to show that the position of "Operations Manager" was bona fide and available to other U.S. workers and

(2) Diamond Miami failed to establish that Hamirani met the minimum requirements for the "Operations Manager" position. (ECF No. 23-1 at 8-9.) The Plaintiffs move for summary judgment arguing that USCIS's decision was arbitrary and capricious and should be reversed. (ECF No. 22.) On the other hand, the Defendants move for summary judgment arguing that USCIS's position was not arbitrary and capricious and should stand. (ECF No. 23-1.)

### A. Denial based on non-disclosure of familiar relationship

With regard to USCIS's first ground for denying the Plaintiff's application, the Plaintiffs argue that it was "unreasonable" for USCIS to find that a familial relationship exists between Hamirani and the owner of Diamond. (ECF No. 22 at 5-6.) The owner and president of Diamond is Abdul Bhimani. (ECF No. 21 at ¶ 6.) Mr. Bhimani is the father of Asif Bhimani, Hamirani's brother-in-law. (*Id.*) In other words, Asif is married to Hamirani's sister. (*Id.*) The Plaintiffs do not dispute that this relationship exists. Instead, according to the Plaintiffs, this is not a "familial relationship" that required disclosure.

In response, USCIS argues that the purpose of this disclosure is to allow the Department of Labor to evaluate the nature of the close relationship so it can determine whether the position is open to all qualified workers. (ECF No. 23-1 at 10.) According to USCIS, this relationship was close enough to call into question whether this was a bona fide job opportunity equally available to all qualified workers. (*Id.* at 10-12.) Upon careful review, the Court agrees with the Defendant.

The Department of Labor publishes a list of Frequently Asked Questions for filling out Form 9089. With regard to "familial relationships," it provides the following: "A familial relationship includes any relationship established by blood, marriage, or adoption, **even if distan**t. For example, cousins of all degrees, aunts, uncles, grandparents, and grandchildren are included. It also includes relationships established through marriage, such as in-laws and step-families." (ECF No. 23-1 at 11) (emphasis added). USCIS found that Hamirani's relationship with her brother-in-law's father is a familial relationship that should have been disclosed under this description provided by the Department of Labor's FAQs. (*Id.*) The Plaintiffs argue that the FAQs do not assert the position that a familial relationship exists due to "in laws of blood relatives*."* (ECF No. 22 at 6.)

The Court finds that USCIS's decision was not arbitrary or capricious. A plain reading of the FAQs establishes that a *distant* relationship, through blood or marriage, must be disclosed. Here, there is clearly a relationship, even if distant and through marriage, between Hamirani and her brother-in-law's father. This relationship should have been disclosed. The Plaintiffs' position that

the FAQs do not specifically say that a familial relationship includes the "in laws of blood relatives" elevates form over substance. The Department of Labor's FAQ's advise applicants to disclose even "distant" relationships so that it may determine whether the job is a bona fide opportunity available to other U.S. workers. *See* 20 C.F.R. §§ 656.17(l). After the Plaintiffs failed to disclose the relationship, the NOID informed Diamond of the problem. (ECF 20-1 at 175.) Instead of disclosing and producing evidence that it was a bona fide job opportunity, Diamond argued that it did not have to disclose the relationship. (*Id.* at 125-126.) As a result, USCIS was never given the opportunity to evaluate whether this was a bona fide job opportunity. Accordingly, the Court finds that USCIS's denial based on the Plaintiffs' failure to disclose the familial relationship is not arbitrary or capricious.

### B. Denial based on inconsistencies in employment history

As the Court has determined that USCIS's denial of the application based on the Plaintiffs' failure to disclose a familial relationship was valid, it need not address the merits of USCIS's second basis for denial: that Hamirani did not meet the minimum requirements for the position. *See Z-Noorani,* 950 F. Supp. 2d at 1346-47. However, the Plaintiffs ask the Court to make a finding that Hamirani did not make a material misrepresentation or commit fraud because this finding could have future immigration implications for Hamirani. (ECF No. 22 at 16.) In order to analyze USCIS's finding of fraud, the Court must address USCIS's second basis for denial.

As an alternative basis for denial, USCIS found that Hamirani did not show that she had the requisite 36 months of work experience because of contradictory claims regarding her employment history. (ECF No. 20-1 at 50.) Section H of Form 9089 states that the minimum requirement for the job of Operations Manager is 36 months of experience as a beauty salon manager. (*Id.* at 193.) Section K of Form 9089 states that Hamirani was a salon manager from February 10, 2008 to March 31, 2013. (*Id.* at 196.) However, in 2011, Hamirani applied for a student visa. Hamirani's 2011 visa application stated that she was a student at Manzar College of Arts and Media Management and was not currently employed. (*Id.* at 216, 223.) She also told the Department of State that she had no previous employment experience. (*Id.* at 224.) USCIS found that this inconsistency undermined Hamirani's work qualifications. (ECF No. 23-1 at 15.)

The NOID informing Diamond of the inconsistencies states the following:
> Department of State (DOS) records show that in 2011 the beneficiary attested that she was a student at Manzar College of Arts Media and Management, and was not currently employed. The beneficiary also

> attested at that time that she did not have any previous employment. This information directly contradicts the evidence submitted by the petitioner to demonstrate the beneficiary's qualifying employment. . . [.]
>
> The Petitioner must reconcile the discrepancies in the beneficiary's dates and company of employment . . . Also provide independent objective evidence to explain and resolve these discrepancies. The evidence may include but is not limited to, the beneficiary's tax records, the beneficiary's employment records, and the beneficiary's pay stubs and Form W-2's.
>
> Any evidence of experience must be in the form of letter(s) from the beneficiary's current or former employer(s) . . . Before USCIS can consider secondary evidence, the petitioner must establish that such evidence does not exist or cannot be obtained.

(ECF No. 20-1 at 35.) In response to this letter, Diamond responded by explaining that the experience was gained in Pakistan. "There are no formal tax or employment records. Pay stubs are non existent because all employees are paid in cash." (ECF No. 20-1 at 40.) In an effort to further bolster her work experience without pay stubs or formal records, Diamond submitted five letters from Hamirani's previous clients. (*Id.*)

On February 6, 2018, USCIS denied Diamond's I-140 Petition. (*Id.* at 96.) USCIS's denial letter acknowledged the additional letters of support submitted on behalf of Hamirani (ECF No. 20-1 at 100) but did not consider them a rebuttal to the inconsistencies pointed out in the NOID. (*Id.*) USCIS stated that "in rebuttal of the contradictory claims of experience, the petitioner submitted only a letter from the petitioner's attorney, the petitioner has not submitted evidence to overcome the inconsistencies in the record." (*Id.*) This "letter" is the cover letter from Diamond's attorney which explains Diamond's position and outlines the additional documentation submitted in support of the petition. USCIS also found that "[t]he petitioner failed to address the inconsistences in the form of a written explanation to clarify the beneficiary's contradictory claims of experience made to the Department of State and USCIS." *Id.* In its response brief, USCIS further argues that Diamond did not provide "independent objective evidence" to resolve the inconsistencies in the record. (ECF No. 23-1 at 15.)

"[T]he role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Saga*

*Overseas, LLC v. Johnson*, 200 F. Supp. 3d 1341, 1345 (S.D. Fla. 2016) (Cooke, J.). Under the APA, the Court cannot "re-weigh the evidence presented[.]" *Id.* (citing *Smith v. Holder*, 487 F. App'x 731, 73 (3d Cir. 2012)). However, where USCIS "fails to adequately explain any illogical conclusions or provides justifications for its decision which are unreasonable or do not respond to any arguments in the record," the Court may remand to the agency for additional investigation or explanation. *See Xunbing Liu v. U.S. Attorney Gen.*, 440 F. App'x 718, 719 (11th Cir. 2011).

Based on the language in its denial, it appears that USCIS did not credit the five additional letters and required a written explanation of the inconsistencies. The NOID asked Diamond to provide independent objective evidence to reconcile the discrepancies. (ECF No. 20-1 at 35.) However, the NOID also stated that USCIS "can" consider secondary evidence, if the petitioner establishes that such evidence does not exist or cannot be obtained. (*Id.*) USCIS glosses over this in its response. (*See* ECF No. 23-1 at 15.) USCIS fails to address whether Diamond established that Pakistani pay stubs and employment records were not available and why the additional letters could not sufficiently resolve the inconsistencies. (*See id.*) Moreover, USCIS emphasizes that Diamond did not provide a "written explanation." (*Id.* at 16.) However, that was not requested in the NOID.

The Court finds that USCIS's denial based on these inconsistencies was arbitrary and capricious. Diamond's failure to provide pay stubs or a written explanation of the inconsistencies "cannot rationally lead to the conclusion" that Hamirani did not have the requisite 36 months of experience. *See Betancur v. Roark*, No. 10-11131, 2012 WL 4862774, at *7 (D. Mass. Oct. 15, 2012) ("But the mere failure to provide such further evidence cannot rationally lead to the conclusion that Betancur forged his previous work history and supporting documentation.") Hamirani provided five letters from former clients as well as a letter from her former employer to help resolve the inconsistencies. USCIS does not explain why these could not be used to resolve the inconsistencies where employment records were not available from Pakistan. However, because the Court found that the failure to disclose the familiar relationship was not arbitrary and capricious, USCIS's decision stands.

### C. USCIS's finding of willful misrepresentation or fraud

In its denial letter, USCIS made an additional finding of fraud based on Hamirani's misrepresentations related to her work history (addressed in Section B above). The Plaintiffs ask the Court to reverse this finding because it may have future immigration implications for Hamirani.

Section 1182 states that "[a]ny alien who by fraud or willfully misrepresenting a material fact, seeks to produce a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i). To be considered material, the misrepresentation must be one which "tends to shut off a line of inquiry which is relevant to the alien's eligibility, and which might well have resulted in a proper determination that he be excluded." *Matter of Ng,* 17 I & N. Dec. 536, 537 (BIA 1980).

The Plaintiffs argue that Hamirani's failure to disclose her employment when applying for a student visa in 2011 is not material because she was not applying for a work visa at the time. (ECF No. 22 at 17.) Because she was applying for a student visa, her work experience was not relevant to the visa determination. (*Id.*) USCIS asserts that the Plaintiffs' argument assumes that the 2011 visa statement was the false one, and not Hamirani's representation on Form 9089 to the Department of Labor. (ECF No. 23-1 at 19.) However, there is no evidence that Hamirani was falsifying her employment history in her Form 9089 and USCIS failed to explain why it did not credit Hamirani's employment letters. Because the Court previously held that the Defendant's denial based on Hamirani's inconsistent statements related to her work experience was arbitrary and capricious, it must also find that the finding of fraud or willful misrepresentation based on these inconsistencies is also arbitrary and capricious. *Cf. Betancur,* 2012 WL 4862774 at *8 (finding that because the agency's underlying conclusion that beneficiary didn't work at purported previous place of employment was arbitrary and capricious, the finding that he knowingly misrepresented a material fact had to also be set aside).

## IV. Conclusion

Based on the foregoing, the Court **grants in part and denies in part** the Defendants' motion (**ECF No. 23**) and **grants in part and denies in part** the Plaintiffs' motion (**ECF No. 22**.) The Court affirms USCIS's denial of Diamond's I-140 petition based on the non-disclosure of a familiar relationship and reverses USCIS's finding of fraud or willful misrepresentation. The Court finds it unnecessary to remand the matter given that the fraud finding is not case dispositive. The Clerk is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** at Miami, Florida on October 7, 2019.

Robert N. Scola, Jr.
United States District Judge